**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)   *Counsel for Plaintiff*
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ROEE TANAI,** | : | **Civil Action No.** |
| 517 Twickenham Road | : | |
| Glenside, PA 19038 | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **Complaint and Jury Demand** |
| | : | |
| **SABER HEALTHCARE GROUP d/b/a** | : | |
| **BRYN MAWR EXTENDED CARE** | : | |
| **CENTER,** | : | |
| 956 E Railroad Avenue | : | |
| Bryn Mawr, PA 19010 | : | |
| | : | |
| 23700 Commerce Park Road | : | |
| Beachwood, OH 44122 | : | |
| Defendant. | : | |

## CIVIL ACTION

Plaintiff, Roee TanaI (hereinafter "Plaintiff"), by and through his attorneys, Koller Law, LLC, bring this civil matter against Saber Healthcare Group d/b/a Bryn Mawr Extended Care Center (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act ("Title VII"), as amended, and the Pennsylvania Human Relations Act ("PHRA") and for unjust enrichment/quantum meruit under Pennsylvania Common Law. In support thereof, Plaintiff avers as follows:

## THE PARTIES

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

2. Plaintiff is an adult individual residing at the above captioned address.

3. Upon information and belief, Saber Healthcare Group d/b/a Bryn Mawr Extended Care Center is a provider of nursing, long-term and senior rehabilitation care with a location at 956 E Railroad Avenue, Bryn Mawr, PA 19010 and corporate headquarters located at 23700 Commerce Park Road, Beachwood, OH 44122 and at all times relevant hereto employed a sufficient number of employees to be considered an employer under Title VII and the PHRA.

4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus

satisfying the standard set forth by the United States Supreme Court in <u>International Shoe Co. v. Washington</u>, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendants is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

12. Plaintiff exhausted his administrative remedies under Title VII and PHRA.

13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging race discrimination and retaliation against Defendant.

14. The Charge was assigned a Charge Number 530-2023-04541 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").

15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") upon request relative to the Charge and that Notice is dated May 15, 2023. Plaintiff received the notice

by electronic mail.

16. Prior to the filing of this action, Plaintiff notified the EEOC of his intent to proceed with a lawsuit in federal court.

17. Plaintiff files the instant Complaint within ninety (90) days of his receipt of his Right to Sue in this matter.

18. Plaintiff has exhausted his administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

20. Plaintiff is a Caucasian male.

21. On or around February 11, 2018, Defendant hired Plaintiff in the position of Administrator.

22. Plaintiff was well qualified for his position and performed well.

23. Throughout his employment, Plaintiff noticed that Maggie Scutt (African American, female), Director of Nursing, failed to follow proper security policies and safety guidelines at Defendant.

24. However, Cody Meenan, Regional Vice President of Operations, threatened Plaintiff by using his authoritative power over Plaintiff's employment whenever Plaintiff attempted to voice his concerns about these issues.

25. Meenan instructed Plaintiff to ignore Scutt's unsatisfactory safety performance, stating that Scutt "is protected."

26. Further, Meenan stated that he cannot do anything about the safety issues and Plaintiff will just have to "work around it."

27. Meenan expressed, "I know I don't have a good answer for you, and I know I should, but I don't."

28. On or around January 6, 2023, Defendant's facility got a notice of deficiency in the Nursing Department.

29. Importantly, this was not related to any administrative aspects of Defendant that Plaintiff would have been involved in.

30. Rather, this deficiency notice would be related to actions and/or responsibilities for which Scutt was responsible.

31. Yet, Scutt was not held accountable for this deficiency notice.

32. On or around January 31, 2023, Meenan came to Defendant for an evaluation.

33. Meenan immediately blamed Plaintiff for the deficiency notice.

34. Meenan gave Plaintiff two (2) options: Plaintiff could resign or be placed on a Performance Improvement Plan ("PIP").

35. The PIP was formulated in a way that Plaintiff would not be able to successfully complete no matter how hard Plaintiff tried.

36. Ultimately, upon information and belief, Meenan blamed Plaintiff for Defendant's issues solely due to his race and/or gender, both of which differed from that of Scutt.

37. There was no other legitimate non-discriminatory reason for treating Plaintiff differently than Scutt, leaving discrimination as the only logical conclusion for Defendant's actions.

38. Meenan set Plaintiff up for failure as an act of discrimination and/or retaliation.

39. Therefore, Plaintiff was forced to submit his resignation to Defendant on or around January 31, 2023.

40. As a result, Plaintiff was constructively discharged.

41. Further, Defendant has refused to pay Plaintiff his 2022 annual bonus.

42. Significantly, Plaintiff had never been disciplined at Defendant or placed on a PIP prior.

43. In fact, Plaintiff always received maximum raises and annual bonuses at Defendant, due to his exemplary performance.

44. It is Plaintiff's position that he was discriminated against due to his race and/or gender in violation of Title VII and the PHRA.

45. Defendant's conduct was willful or done with reckless disregard for Plaintiff's statutorily protected rights.

46. It is also Plaintiff's position that Defendant was unjustly enriched when it failed to pay Plaintiff his annual bonus for 2022 based on work already performed in 2022.

## COUNT I – RACE DISCRIMINATION
## TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

48. Plaintiff is a member of protected classes in that he is Caucasian.

49. Plaintiff was qualified to perform the job for which he was hired.

50. Plaintiff suffered adverse job actions, including, but not limited to constructive discharge.

51. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

52. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

53. Defendants discriminated against Plaintiff on the basis of race.

54. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.

55. The reasons cited by Defendants for the above cited adverse employment actions that

Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT II – RACE DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

56. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

57. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his race (Caucasian).

58. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT III – GENDER DISCRIMINATION
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

59. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

60. Plaintiff is a member of protected classes in that he is male.

61. Plaintiff was qualified to perform the job for which he was hired.

62. Plaintiff suffered adverse job actions, including, but not limited to constructive discharge.

63. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.

64. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.

65. Defendants discriminated against Plaintiff on the basis of gender.

66. No legitimate, non-discriminatory reasons exist for the above cited adverse employment

actions that Plaintiff suffered.

67. The reasons cited by Defendants for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT IV – GENDER DISCRIMINATION
### PENNSYLVANIA HUMAN RELATIONS ACT

68. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

69. The foregoing conduct by Defendants constitutes unlawful discrimination against Plaintiff on the basis of his gender (male).

70. As a result of Defendants' unlawful race discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

### COUNT V – UNJUST ENRICHMENT/QUANTUM MERUIT

71. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

72. Plaintiff performed duties for Defendant by which Defendant received benefits from Plaintiff's work performance.

73. Defendant appreciated the work performance by allowing Plaintiff to continue to perform work on behalf of Defendant.

74. Given Plaintiff's history at Defendant, Plaintiff would have been entitled to an annual bonus for work performed and completed in 2022.

75. Plaintiff already performed the work required for which he would have needed to complete to be entitled to the annual bonus for 2022.

76. But for Plaintiff's constructive discharge, Defendant would have made a payment of value for Plaintiff's work.

77. Defendant's retention and failure to pay Plaintiff his 2022 annual bonus resulted in unjust enrichment by Defendant.

78. As a result of Defendant's unjust enrichment, Plaintiff suffered damages.

**WHEREFORE,** Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*, including, but not necessarily limited to, an order by the Court directing Defendant to pay Plaintiff his 2022 annual bonus plus pre- and post-judgment interest.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, Roee Tanai, requests that the Court grant him the following relief against Defendants:

(a) Compensatory damages;

(b) Punitive damages;

(c) Liquidated damages;

(d) Emotional pain and suffering;

(e) Reasonable attorneys' fees;

(f) Recoverable costs;

(g) Pre and post judgment interest;

(h) An allowance to compensate for negative tax consequences;

(i) A permanent injunction enjoining Defendants, its directors, officers, employees, agents, successors, heirs and assigns, and all persons in active concert or participation with it, from engaging in, ratifying, or refusing to correct, employment practices which discriminate in violation of the Title VII and the PHRA.

(j) Order Defendants to institute and implement, and for its employees, to attend and/or

   otherwise participate in, training programs, policies, practices and programs which provide equal employment opportunities;

(k) Order Defendants to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(l) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the federal statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

## CERTIFICATION

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

            **RESPECTFULLY SUBMITTED,**

            **KOLLER LAW, LLC**

Date: August 14, 2023   **By:**  */s/ David M. Koller*
            David M. Koller, Esquire
            Jordan D. Santo, Esquire
            2043 Locust Street, Suite 1B
            Philadelphia, PA 19103
            215-545-8917
            davidk@kollerlawfirm.com
            jordans@kollerlawfirm.com

            *Counsel for Plaintiff*